Drake v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-266-CR

Â Â Â Â Â ROGER TODD DRAKE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court at Law
McLennan County, Texas
Trial Court # 882847 CR1
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Roger Drake appeals the revocation of his probation for driving while intoxicated. In a single
point of error Drake contends that the court erred in overruling his Motion to Dismiss Motion To
Revoke Probation because the State failed to prove due diligence in apprehending him after filing
the Motion to Revoke Probation.
Â Â Â Â Â Â The State filed a Motion To Revoke Probation on August 26, 1991, alleging, among other
things, Drake's failure to report to his probation officer in Travis County. A warrant for Drake's
arrest was issued and delivered to the McLennan County Sheriff's Office on August 26. Drake
was not arrested, however, until May 10, 1992, when he was stopped for an unrelated traffic
offense in Austin. On September 17 Drake filed a Motion To Dismiss Motion To Revoke
Probation. On October 2 the court denied Drake's Motion to Dismiss, and Drake pleaded true to
the failure-to-report allegations. The court revoked Drake's probation and assessed punishment
at sixty days in jail and a $2000 fine.
Â Â Â Â Â Â When a defendant raises the issue, the State has the burden to show due diligence.


 The State
argues that the McLennan County Probation Office was unable to contact Drake by mail because
he had failed to keep them informed of his current address as required by the conditions of
probation. Mark Clark, an adult probation officer for McLennan County, testified that he mailed
delinquency letters to Drake's address of record in March, April, May, June, and July, 1991. 
According to Clark, the delinquency letters were all returned by the post office, undelivered. 
After the Motion to Revoke Probation was filed in August, Clark mailed additional lettersâtwo
in September and two in Decemberâto a different address. Although these letters were not
returned by the post office, Clark testified that he did not have a current address for Drake.
Â Â Â Â Â Â In light of Drake's failure to report his change of address, we cannot say that the delay of nine
months from the issuance of the arrest warrant until its execution constituted a lack of diligent
effort to apprehend him.


 Although Drake testified that he provided current addresses to the
Probation Office with each move, the credibility of the witnesses was for the trial judge to assess.


 
In Langston, the Court of Criminal Appeals held that a motion to dismiss should have been granted
because a seven-and-one-half-month delay remained unexplained.


 In that case, however, the
court noted that the appellant's address was known and there was no indication that he was
hiding.


 In this case the State offered Clark's testimonyâthat he was unable to contact Drake by
mail and that he did not have a current address for himâas an explanation for the nine month
delay. We overrule Drake's single point of error.
Â Â Â Â Â Â We affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed May 12, 1993
Do not publish



n style='font-family:Palatino'>   This record should provide for
full appellate review of TaylorÂs legal and factual insufficiency claims.Â  If Taylor believes additional portions of the record are necessary for review of the other
grounds raised, then he must file a motion with this Court within ten days
after the date of this Order demonstrating the need for such additional
portions.

Â